LEVI WILLARD *vs.* CHARLES RICE & another.

If a mortgagor of goods, who is intrusted with the possession, intermix them, purposely or through want of proper care, with his own goods, so that they cannot be distinguished, and consign them for sale to a third person, who sells them, the mortgagee is entitled to recover of the consignee the value of the whole.

TROVER for 527 dozen of palm leaf hats. At the trial before *Hubbard,* J. it appeared that B. G. Sampson, on the 22d of March 1842, mortgaged to the plaintiff a quantity of hats in New York, and the goods in a store in Keene, (New Hampshire,) among which were 450 dozen finished, and 300 dozen unfinished, palm leaf hats, and 7000 palm leaves. There was evidence tending to prove that the plaintiff, immediately after the mortgage was made, took possession of the mortgaged property, and sent Sampson to New York, to sell the hats there, and, with the proceeds, purchase goods in the plaintiff's name ; that Sampson did so, and sent the goods, which he so purchased, to the store in Keene ; that the plaintiff carried on business in said store, so far as to sell the goods mortgaged, and those so received from New York, and received pay, to a considerable extent, in palm leaf hats ; that Sampson continued in said store, and received large

quantities of unfinished palm leaf hats, in payment of debts due to him on his store books ; and that said hats, so received, were by him mixed indiscriminately with the mortgaged hats and the hats received by the plaintiff in pay for goods sold by him as aforesaid, so that they could not be distinguished. It appeared that, within a month after the mortgage was given, over 600 dozen of unfinished hats were received into the store, from the sales of goods, and from the aforesaid debts, and that hats were continually taken from the store and finished ; but it did not appear on whose account this was done. It was in evidence, that about the · 1st of May 1842, Sampson took, for the plaintiff, 400 or 500 dozen hats, which had been finished, after the mortgage was made, from those that were in the store when the mortgage was made, and from those that were · received into the store afterwards, and sent them to New York, where they were sold by him ; that at the time when said hats were so sent to New York, or immediately after, the hats in question in this action were taken from the store and sent by Sampson to the defendants, for sale. The question in the case was, whether any of the hats, so sent to the defendants by Sampson, were included in the mortgage.

The judge instructed the jury, that "if Sampson had mixed the hats, which he received after the pláintiff had taken possession, indiscriminately, with those mortgaged by him, and with those received, on account of the plaintiff, from the sales of the mortgaged goods, and of the goods brought from New York, so that the same could not be distinguished, then the plaintiff would be entitled to hold the same, on account of the debts due to him from Sampson, as well as the other hats ; and that the defendants, if they afterwards received the hats in question from the mixed lot, and sold them by Sampson's order, would be liable, in this action, to the p'aintiff, for their value."

A verdict was found for the plaintiff, subject to the opinion of the whole court as to the instructions given to the jury.

*Hartshorn*, for the defendants. By the common law as

to confusion of goods, the intermixture, in order to give an owner of part a right to the whole, must be wilful and fraudulent, and not accidental or by consent. *Ryder* v. *Hathaway* 21 Pick. 298. Story on Bailm. § 40. 2 Kent Com. (3d ed.) 364. *Treat* v. *Barber*, 7 Connect. 275. *Barron* v. *Cobleigh*, 11 N. Hamp. 558. It should have been left to the jury to decide whether there was not a consent of the plaintiff to the intermixture.

*F. H. Dewey*, for the plaintiff. There is no ground, on the evidence in this case, for inferring that the intermixture of the hats was unintentional. It was made purposely, and the party who made it must bear the loss. *Ward* v. *Ayre*, Cro. Jac. 366. 2 Bl. Com. 405. 3 Dane Ab. 117. *Lupton* v. *White*, 15 Ves. 439, 442. *Hart* v. *Ten Eyck*, 2 Johns. Ch. 62. *Brackenridge* v. *Holland*, 2 Blackf. 377.

SHAW, C. J. The defendants, holding the goods as the consignees of Sampson, can only stand on his title, and make the same defence, after conversion proved, as he could make. That defence is, that part only of the identical hats, which came to the hands of the defendants, were included in the plaintiff's mortgage, and that the residue were Sampson's own goods. This leads to the only question of law, that is raised by the report, viz. whether the rule of law prescribed by the judge, in his instructions to the jury, was correct. The jury were instructed, that if Sampson intermixed the hats received from other sources, and which were his own, with those mortgaged, so that they could not be distinguished, the mortgagee had a right to hold the whole. This instruction, taken in connexion with the subject matter, and the facts in proof, we think was right. Sampson was the mortgagor, but, being intrusted with the possession of the goods, it was his duty to keep them separately, and preserve the mortgagee's property. His intermixing them purposely, or through want of proper care, was a violation of his duty, and unlawful. As his own could not be distinguished, he could take none of the mixed parcel without taking the plaintiff's, which he had no right to do ; and as against him and his consignees, the plaintiff

must hold the whole. *Hathaway* v. *Ryder*, 2 Pick. 298. *Colwill* v. *Reeves*, 2 Campb. 576. 2 Kent Com. (3d ed.) 364. *Judgment on the verdict.*